UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FRENCHMAN'S CREEK HOMEOWNER'S ASSOCIATION | CASE NO.  6:22-CV-00214 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ERICA GASCON, ET AL. | MAGISTRATE JUDGE HANNA |

### ORDER

On January 25, 2022, Defendants Erica Gascon and David Schaffer removed this case from state court to federal court.[1] On April 29, 2022, the undersigned instructed the Clerk of Court to issue a Notice of Intent to Dismiss for Failure to Prosecute, as no Answer nor other responsive pleadings had been filed by Defendants.[2] On May 27, 2022, Plaintiff filed a motion for entry of default, and the Clerk entered default on June 1, 2022.[3] On May 30, 2022, Defendants filed a motion to set aside entry of default.[4] On June 2, 2022, the Court denied the motion to set aside entry of default, because Defendants had neither submitted a responsive pleading, nor demonstrated good cause for setting aside the entry of default.[5] On June 8, 2022, Defendants filed responsive pleadings—i.e., an Answer and a Counterclaim.[6]

District courts may *sua sponte* set aside an entry of default for good cause.[7] To determine whether good cause exists to set aside an entry of default (a decision which is necessarily informed

---

[1] ECF No. 1.
[2] ECF No. 9.
[3] ECF Nos. 15, 19.
[4] ECF No. 17.
[5] ECF No. 21.
[6] ECF Nos. 22, 23.
[7] FED. R. CIV. P. 55(c); *see also UMG Recordings, Inc. v. Landers*, CIV.A. 07-1279, 2008 WL 60422, at *1 (W.D. La. Jan. 4, 2008); *Freilich v. Green Energy Res., Inc*., 297 F.R.D. 277, 283 (W.D. Tex. 2014).

by equitable principles), the Court may consider: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented.[8] "Other factors may also be considered, including whether the defendant acted expeditiously to correct the default."[9]

The Court finds good cause exists to set aside the June 1, 2022 entry of default. Defendants promptly filed their responsive pleadings after the request for entry of default, there is no evidence that Defendants' delay was intentional, nor is there any evidence that Plaintiff is prejudiced by the delay.[10] Furthermore, default judgments are disfavored and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."[11] Therefore, absent "intervening equities," entry of default should be set aside "to the end of securing a trial upon the merits."[12] For these reasons,

IT IS HEREBY ORDERED that the June 1, 2022 Entry of Default [ECF No. 19] is SET ASIDE.

SIGNED this 10th day of June, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[8] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[9] *Id.* (internal quotations omitted).
[10] Indeed, it was the Court who prompted Plaintiff to seek entry of default, as the Court wished to ensure a responsive pleading was filed prior to holding a hearing on the anticipated motion for preliminary injunction. *See* ECF No. 9.
[11] *Lacy* at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).
[12] *Id.* (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).